NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DERRICK DEAN COFFELT, | No. 21-36019 |
| Plaintiff-Appellant, | D.C. No. 6:20-cv-00637-AC |
| v. | |
| EMILY PENA; JAMES WELSH, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted April 17, 2023**

Before:    CLIFTON, R. NELSON, and BRESS, Circuit Judges.

Derrick Dean Coffelt appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging false arrest and malicious

prosecution in connection with his alleged violation of court orders.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Gordon v. County of*

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Orange*, 888 F.3d 1118, 1122 (9th Cir. 2018). We affirm.

The district court properly granted summary judgment because Coffelt failed to raise a genuine dispute of material fact as to whether defendants lacked probable cause to arrest him for violating court orders. *See Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015) (explaining that the absence of probable cause is an essential element of § 1983 false arrest and malicious prosecution claims); *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (probable cause for a warrantless arrest exists "when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested").

The district court did not abuse its discretion in denying Coffelt's motion for appointment of counsel because Coffelt could adequately articulate his claims and he failed to demonstrate exceptional circumstances. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and requirements for appointment of counsel).

We reject Coffelt's contention that the district court should have sua sponte granted leave to amend instead of granting summary judgment.

**AFFIRMED.**

21-36019